# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONMED CORPORATION,<br><br>                             Plaintiff,<br><br>- against –<br><br>FEDERAL INSURANCE COMPANY,<br><br>                             Defendant. | **COMPLAINT**<br><br>Civil Action No. 6:21-cv-0083 (MAD/ML)<br><br><br>**JURY TRIAL DEMANDED** |

CONMED Corporation ("CONMED"), by and through its undersigned attorneys, for its Complaint against Federal Insurance Company ("Chubb") alleges as follows:

## INTRODUCTION

1. Through this insurance coverage action, CONMED seeks declaratory relief and damages arising out of Chubb's refusal to pay defense costs with respect to a lawsuit (the "Alexander Action") which falls precisely within Chubb's coverage.

2. CONMED is a global medical technology company that specializes in the development, manufacturing, and distribution of medical equipment. CONMED employs approximately 2,000 people in the United States throughout its five domestic facilities, including its Utica, New York facility.

3. CONMED operates a distribution warehouse facility in Lithia Springs, Georgia that distributes medical equipment.

4. CONMED contracts with third parties, including Sterigenics U.S., LLC ("Sterigenics") to sterilize certain of its medical devices with a technique using Ethylene Oxide

("EtO"). The sterilization process occurs at third-party facilities, and then devices are sent back to CONMED for distribution.

5.  In May 2020, certain plaintiffs brought the Alexander Action against CONMED, Sterigenics, and certain managers and supervisors of CONMED and Sterigenics. The Alexander Action alleges that certain CONMED employees and temporary workers were exposed to unsafe levels of EtO at CONMED's Lithia Springs facility, and seeks damages for injuries allegedly caused by CONMED and/or Sterigenics.

6.  Sterigenics sought indemnification from CONMED for its defense costs relating to the defense of the claims asserted in the Alexander Action pursuant to a contract governing Sterigenics' work performing sterilization for CONMED.

7.  For over a decade, CONMED has purchased insurance policies from Chubb that provide coverage for defense costs, indemnification obligations, and other losses resulting from bodily injury.

8.  According to Chubb's website, it is the world's largest publicly traded property and casualty company, with a passion for service. Chubb has over $100 billion in assets and more than 30,000 employees.

9.  Despite Chubb's massive resources and long relationship with CONMED, including issuing Policies that directly cover the losses at issue, when CONMED gave notice of the Alexander Action and Sterigenics' indemnity tender to Chubb under those Policies, Chubb responded by delaying for five months and then denying coverage for the Alexander Action altogether.

10. Chubb's denial of coverage was without any reasonable basis in fact or law, and, notwithstanding its massive assets and resources, Chubb has deliberately and in bad faith refused

to respond to CONMED's correspondence since that denial, in which CONMED cited the controlling law that requires coverage of the Alexander action.

11. To date, CONMED has incurred more than $75,000 in defense costs on Sterigenics' behalf. Despite Chubb's duty to defend Sterigenics (as CONMED's indemnitee), Chubb has contributed nothing to the defense.

12. Chubb's failure to fulfill its duty to defend CONMED's indemnitee Sterigenics in the Alexander action is in direct violation of the terms of its Policies, which provide a defense and coverage to CONMED and its indemnitee for damages.

13. Accordingly, CONMED seeks a declaratory judgment that the Loss incurred by Sterigenics falls within the coverage of the Policies and an award for damages against Chubb for breaching its coverage obligations.

## PARTIES

14. CONMED is a Delaware corporation with its principal place of business in Largo, Florida. Prior to May 22, 2020, CONMED was a New York corporation, and prior to December 31, 2020, CONMED was headquartered in Utica, New York, where it continues to maintain a facility and offices.

15. Defendant Federal Insurance Company is an Indiana corporation with its principal place of business in New Jersey. Federal Insurance Company is an affiliate of Chubb, who services the Policies from its office in New York, New York.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district, including the issuance of the Policies.

**FACTUAL ALLEGATIONS**

I. **THE CHUBB POLICIES**

18. Since 2009, in consideration of premiums fully paid to cover precisely the type of damages at issue here, Chubb sold CONMED a series of Life Sciences Insurance Policies under policy number 7325-17-22 (collectively, the "Policies"), covering the following policy periods:

   a. July 16, 2009 to July 16, 2010;

   b. July 16, 2010 to July 16, 2011;

   c. July 16, 2011 to July 16, 2012, and extended by agreement to August 16, 2012;

   d. August 16, 2012 to August 16, 2013;

   e. August 16, 2013 to August 16, 2014;

   f. August 16, 2014 to August 16, 2015;

   g. August 16, 2015 to August 16, 2016;

   h. August 16, 2016 to August 16, 2017;

   i. August 16, 2017 to August 16, 2018;

   j. August 16, 2018 to August 16, 2019;

   k. August 16, 2019 to August 16, 2020; and

   l. August 16, 2020 to August 1, 2021 (attached hereto as Exhibit A).

19. Each of the Policies has limits of $1 million per occurrence and $2 million in the aggregate, subject to a $1000 deductible.

20. CONMED is an Insured under the Policies.

21. The Policies have a series of endorsements required by New York law, as the Policies are governed by New York law.

22. Subject to its terms and conditions, each of the Policies' Premises/Operations coverage part promises to provide coverage for damages an insured becomes legally obligated to pay for its liability, either imposed by law or assumed in an insured contract, for bodily injury or property damage during the policy period.

23. The Policies provide that Chubb has the right and duty to defend the insured against a suit, even if such suit is false, fraudulent or groundless. Chubb is required to pay defense costs on behalf of the insured and the indemnitee of the insured, "provided the obligation to defend, or the cost of the defense of, such indemnitee has been assumed by such insured in an insured contract."

24. Chubb has a continuing duty to defend unless and until the applicable Limit of Insurance is exhausted.

25. The Policies contain several exclusions that Chubb has invoked to avoid its obligations here. The Policies exclude damages the insured is obligated to pay by reason of assumption of liability in a contract or agreement, ***but not*** if the contract is an "insured contract." The Policies define "insured contract" to include "any other contract or agreement pertaining to your business…in which you assume the tort liability of another person or organization to pay damages, to which this insurance applies, sustained by a third person or organization."

26. The Policies exclude damages for bodily injury to a CONMED employee arising out of the course of their employment, ***but*** this exclusion ***does not*** apply to liability for damages assumed by the insured in an insured contract.

27. Finally, the Policies exclude bodily injury arising out of the "actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants." "Pollutants" are "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste."

## II. THE ALEXANDER ACTION

28. On May 19, 2020, 53 individuals filed the Alexander Action against CONMED, Sterigenics, and several individual employees of CONMED and Sterigenics in Cobb County, Georgia (*Essence Alexander, et al. v. Sterigenics U.S., LLC, et al.*, C.A. No. 20-A-1645).

29. The plaintiffs in the Alexander Action are current and former employees and temporary workers at CONMED's Lithia Springs distribution facility, as well as several family members bringing claims on behalf of employees or temporary workers. The plaintiffs worked at CONMED's facility for varying time periods from 2010 to April 26, 2019.

30. According to the complaint in the Alexander Action, "Plaintiffs are individuals who were exposed to unsafe levels of the chemical Ethylene Oxide ('EtO') at the facility of Defendant ConMed Corporation, which received, warehoused, and distributed boxes of items sterilized with EtO by Defendants Sterigenics U.S., LLC." (Complaint, attached hereto as Exhibit B, at ¶ 1).

31. EtO is commonly used as a sterilant for medical equipment and supplies, and is approved by the Food and Drug Administration ("FDA") for that use. The FDA requires that medical devices be safe and effective for their intended use. One way to ensure that a medical device is safe in reducing a patient's infection risk is EtO sterilization. FDA sources estimate that fifty percent of sterilized medical equipment in the United States uses EtO in the sterilization process.

32. The complaint further alleges that Sterigenics shipped boxes sterilized by EtO to CONMED, which received, warehoused, and distributed the medical devices. It alleges that Sterigenics had a responsibility to ensure that items were property aerated or "dried out" before items left Sterigenics' facility, but that Sterigenics negligently failed to follow safe aeration procedures and prematurely shipped unsafe sterilized items with unsafe EtO levels to CONMED. Ex. B at ¶¶ 95-97.

33. Based on these claims, the plaintiffs seek various forms of relief, including special, general, and punitive damages and attorneys' fees.

34. CONMED denies the allegations in the Alexander Action and has moved to dismiss the complaint. Regardless, CONMED and Sterigenics have been forced to respond and defend against the Alexander Action – and CONMED has borne the bulk of that expense.

### III.  CONMED'S INSURED CONTRACT WITH STERIGENICS

35. Since 2010, CONMED has contracted with Sterigenics to perform EtO sterilization of its medical devices.

36. Sterigenics and CONMED entered into a series of contracts to memorialize their relationship. Since March 2017, CONMED and Sterigenics have been operating pursuant to a Primary (90%) Volume Processing, Lab and Consulting Agreement (the "Sterigenics Agreement," attached as Exhibit C). An earlier version of this agreement was effective from December 2010 through December 2016 (attached as Exhibit D).

37. The Sterigenics Agreement dictates the parties' rights and obligations related to CONMED's business. Relevant here, the Sterigenics Agreement provides:

> The Customer [CONMED] agrees to indemnify, defend and hold Sterigenics, its parent, subsidiary and affiliated entities harmless from and against all claims, suits, settlements, judgments, fines, expenses, losses, costs, deficiencies, liabilities and damages, including reasonable attorneys' fees, court costs and

>expenses ("Damages") incurred or suffered by Sterigenics, its parent, subsidiary and affiliated entities arising out of or in connection with… (ii) the processing of the Product, (iii) any claim that the Product is not sterile, (iv) any claim of personal injury, including death, or other damage arising out of the use of any of the Product (v) the Work set forth in Schedules A-L and A-C, the performance or results of the Work, including [CONMED's] use or marketing of any [of] the Products to which the results of such Work were applied…

Ex. C at §8.3.

38. On February 27, 2020, Sterigenics tendered the defense and indemnity of the claims that became the Alexander Action to CONMED, citing the Sterigenics Agreement. CONMED has accepted the tender and is defending Sterigenics in the Alexander Action.

## IV. CHUBB'S REFUSAL TO DEFEND ITS INSURED

39. On May 26, 2020, within four days of the filing of the Alexander Complaint, CONMED gave timely notice of the Alexander Action and Sterigenics' tender to Chubb.

40. However, despite the active nature of the Alexander Action and Chubb's duty to defend, Chubb failed to respond to its insured for over five months.

41. On November 2, 2020, CONMED's General Counsel contacted Chubb again, requesting a response to its May notice. In response, Chubb's Senior Claims Director misrepresented the dates on which Chubb had received CONMED's notice and supporting documents and advised that Chubb would take additional time to respond.

42. When Chubb finally did respond to CONMED's claim, on November 16, 2020, it denied coverage for the Alexander Action. In its denial, Chubb raised several inapplicable exclusions and misinterpreted the Policies to avoid its coverage obligation.

43. First, Chubb claimed that the Sterigenics Agreement is not an "insured contract," simply because Chubb believes certain policy exclusions may bar coverage. Chubb further claimed that because the Sterigenics Agreement also provides for indemnification of CONMED

in some instances, it is not an insured contract.  Neither defense is supported by the Policies' definition of insured contract.

44. Next, Chubb claimed the Policies' "Pollution" exclusion, which contains traditional environmental pollution language, applies to the necessary and customary use of EtO sterilization in CONMED's work.  The alleged EtO exposure claimed by the plaintiffs in the Alexander Action was not a result of the "discharge, dispersal, seepage, migration, or release" of "pollutants."

45. Finally, Chubb claimed that the Policies' Contracts exclusion bars coverage for Sterigenics' defense costs, ***despite the fact*** that the very exclusion expressly carves out liability for damages assumed in an insured contract (such as the Sterigenics Agreement), or liability that would exist in the absence of such contract or agreement.

46. No other exclusions in the Policies operate to bar coverage for Sterigenics' defense of the Alexander Action.

47. CONMED responded to Chubb's denial on December 4, 2020, explaining why each of Chubb's reasons for denial were incorrect under the facts and the law, providing the controlling New York Court of Appeals decision on the interpretation of the Pollution exclusion, and requesting Chubb reconsider its position and honor its duty to defend.  (*See* Exhibit E).  To date, over seven weeks later, Chubb has not responded.

48. Chubb's failure to respond is in bad faith, and without any basis in fact or law.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract)**

49. CONMED repeats and realleges the allegations set forth in the prior paragraphs as if fully set forth herein.

50. The Policies constitute valid and enforceable contracts between Chubb and CONMED.

51. CONMED is an insured under the Policies, paid all premiums, provided prompt notice of claims, and otherwise performed all obligations required under the Policies.

52. Sterigenics is CONMED's indemnitee and the obligation to defend or pay the cost of Sterigenics' defense has been assumed by CONMED in an insured contract.

53. Under the express terms of the Policies, the Alexander Action triggers Chubb's obligation to pay all reasonable attorney fees and necessary litigation expenses to defend Sterigenics against the Alexander Action.

54. Despite this, Chubb has failed and refused to provide a defense to Sterigenics or reimburse CONMED for those costs. For this reason, Chubb has breached the terms and conditions of the Policies.

55. As a direct and proximate result of Chubb's breach of the Policies, CONMED has suffered and will suffer damages in an amount to be determined at trial, but in any event no less than the jurisdictional limits of this Court, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

56. CONMED repeats and realleges the allegations set forth in the prior paragraphs as if fully set forth herein.

57. Pursuant to the terms of the Policies, Chubb is obligated to pay reasonable attorney fees and necessary litigation expenses to defend Sterigenics, the indemnitee of CONMED, in the Alexander Action.

58. Chubb disputes this legal obligation.

59. Pursuant to 28 U.S.C. § 2201, CONMED is entitled to a declaration by this Court of Chubb's obligations under the Policies.

60. An actual and justiciable controversy exists between CONMED and Chubb concerning the proper construction of the Policies and the rights and obligations of the parties thereto.

61. CONMED is entitled to a declaration that Chubb is obligated to pay all of Sterigenics' defense costs incurred in the Alexander Action, subject to the Policies' deductible and applicable limits.

62. The issuance of declaratory relief by this Court will terminate the existing controversy between CONMED, on the one hand, and Chubb on the other hand.

## **PRAYER FOR RELIEF**

WHEREFORE, CONMED prays for relief as follows:

a. On the First Cause of Action, judgment against Chubb, awarding CONMED damages in an amount to be determined at trial, plus pre- and post-judgment interest as permitted by law;

b. On the Second Cause of Action, declaratory judgment in favor of CONMED and against Chubb, that Chubb has a duty to defend Sterigenics in the Alexander Action; and

c. On all causes of action, CONMED requests that the Court award CONMED all costs incurred as a consequence of having to prosecute this lawsuit, including reasonable attorneys' fees, as well as prejudgment interest from the time since the costs were incurred and post-judgment interest;

d.  Additionally, CONMED requests such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  January 25, 2021                              Respectfully submitted,

/s/_____

Robin Cohen (*pro hac vice* forthcoming)
rcohen@cohenziffer.com
Meredith Elkins (*pro hac vice* forthcoming)
melkins@cohenziffer.com

COHEN ZIFFER FRENCHMAN &
McKENNA LLP
1350 Avenue of the Americas
New York, New York 10019
Tel: 212-584-1890
Fax: 212-584-1891

John G. Powers (Bar Roll # 508934)
jpowers@hancocklaw.com
Mary D. Agostino (Bar Roll # 520301)
mdagostino@hancocklaw.com

HANCOCK ESTABROOK, LLP
1800 AXA Tower I
100 Madison St.
Syracuse, NY 13202
Tel: 315-565-4500
Fax: 315-565-4647

*Of counsel*:

Daniel S. Jonas, Esq.
Executive Vice President – Legal Affairs,
General Counsel & Secretary
Erica L. Visokey, Esq.
Associate General Counsel

                CONMED Corporation
                525 French Road
                Utica, NY 13502

*Attorneys for Plaintiff CONMED Corporation*