UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CONMED CORPORATION,**

                                      **Plaintiff,**

   vs.                                                    6:21-CV-0083 (MAD/ML)

**FEDERAL INSURANCE COMPANY,**

                                      **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CONMED CORPORATION**<br>525 French Road<br>Utica, New York 13502<br>Attorneys for Plaintiff | DANIEL S. JONES, ESQ. |
| **CONMED CORPORATION**<br>1616 Long Ridge Road<br>Stamford, Connecticut 06903<br>Attorneys for Plaintiff | ERICA LYNN VISOKEY, ESQ. |
| **HANCOCK ESTABROOK, LLP**<br>1800 AXA Tower I<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | JOHN G. POWERS, ESQ.<br>MARY L. D'AGOSTINO, ESQ. |
| **COHEN ZIFFER FRENCHMAN & McKENNA LLP**<br>1325 Avenues of the Americas – 25th Floor<br>New York, New York 10019<br>Attorneys for the Plaintiff | MERIDITH ELKINS, ESQ.<br>ROBIN L. COHEN, ESQ. |
| **ROBINSON & COLE LLP**<br>Chrysler East Building<br>666 Third Avenue, 20th Floor<br>New York, New York 10017<br>Attorneys for Defendant | LAWRENCE KLEIN, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

1

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff, CONMED Corporation, initiated this lawsuit against Defendant, Federal Insurance Company, on January 25, 2021. *See* Dkt. No. 1. In its amended complaint, Plaintiff alleges that Defendant breached the terms of their insurance contract when Defendant failed to defend Plaintiff's indemnitee, Sterigenics, in a lawsuit in Georgia. *See* Dkt. No. 24 at ¶ 9. On June 10, 2021, the parties cross moved for judgment on the pleadings. *See* Dkt. Nos. 37, 38. On March 10, 2022, the Court granted Plaintiff's motion for judgment on the pleadings. *See* Dkt. No. 51. Defendant has moved for reconsideration of the Court's ruling. *See* Dkt. No. 56. For the following reasons, Defendant's motion is denied.

**II. BACKGROUND**

For a complete recitation of the relevant factual background, the Court refers the parties to its March 10, 2022 Memorandum-Decision and Order. *See* Dkt. No. 51 at 2-5. To summarize, Plaintiff, a medical technology company, had contracted with non-party Sterigenics to sterilize its medical devices. See Dkt. No. 24 at ¶ 35. Plaintiff and Sterigenics were sued in Georgia state court by fifty-three current and former employees of Plaintiff, alleging they were exposed to unsafe levels Ethylene Oxide ("EtO") from Sterigenics' sterilization process. *Id.* at ¶ 28; *Essence Alexander, et al. v. Sterigenics U.S., LLC, et al.*, C.A. No. 20-A-1645 (State Court of Cobb County) ("Alexander Action"). Plaintiff is paying the defense costs for Sterigenics in the Alexander Action, citing an obligation to do so under their contract, which contains an indemnification agreement. *Id*. at ¶ 38.

Since 2009, Plaintiff has purchased insurance policies from Defendant, which include coverage for defense costs, indemnification obligations, and other losses resulting from bodily

injury. *See* Dkt. No. 24-1 at 21. On May 26, 2020, Plaintiff gave Defendant notice of the Alexander Action, including Plaintiff's indemnification of Sterigenics. Dkt. No. 24 at ¶ 39. On November 16, 2020, Defendant denied coverage of the defense costs for Sterigenics in the Alexander Action. *Id.* at ¶ 44. On March 10, 2022, the Court granted Plaintiff's motion for judgment on the pleadings and denied Defendant's motion for judgment on the pleadings. *See* Dkt. No. 51. The Court held that Defendant was required to defend Sterigenics in the Alexander Action. *Id.*

### III. DISCUSSION

**A.    Standard of Review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1. "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted).

Here, Defendant does not identify an intervening change in controlling law or new evidence not previously available. Therefore, Defendant's motion for reconsideration seeks to correct a clear error of law or prevent manifest injustice. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70

3

F.3d at 257.  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

**B.     Analysis**

The insurance policies between Plaintiff and Defendant requires Defendant to "defend [Plaintiff] against a suit, even if such suit is false, fraudulent or groundless."  Dkt. No. 24-1 at 21.  The duty extends to "the indemnitee of the insured, provided the obligation to defend, or the cost of the defense of, such indemnitee has been assumed by [Plaintiff] in an insured contract."  *Id.*  The policy then defines "insured contract" to include "any other contract or agreement pertaining to your business … in which you assume the tort liability of another person or organization to pay damages, to which this insurance applies, sustained by a third person organization."  *Id.* at 43.

The Court previously found that the relevant agreements between Plaintiff and Sterigenics were insured contracts.  *See* Dkt. No. 51 at 8-11.  The Court found that these were insured contracts because Plaintiff "assume[d] the tort liability of another person or organization to pay damages, to which this insurance applies, sustained by a third person organization."  Dkt. No. 24-1 at 43.  And because Defendant's duty to defend Plaintiff extends to "the indemnitee of the insured, provided the obligation to defend, or the cost of the defense of, such indemnitee has been assumed by [Plaintiff] in an insured contract," Dkt. No. 24-1 at 21, the Court concluded that Defendant was required to pay the defense costs of Sterigenics in the Alexander Action.  *See* Dkt. No. 51 at 8-11.

Defendant argues that this Court erred because the insurance policies "do not provide a duty to defend [Plaintiff's] possible indemnitee."  Dkt. No. 56-7 at 6.  Defendant states that the insurance policies do not provide a duty to defend Plaintiff's indemnitee because the

4

"Investigation, Defense and Settlements" section of the insurance policies, on which the Court relied, states, "[s]uch attorney fees and litigation expenses will be paid as described in the Supplementary Payments section of this contract." Dkt. No. 24-1 at 21. The "Supplementary Payments" section is subsequently limited by the phrase, "[s]ubject to all of the terms and conditions of this insurance, we will pay, with respect to a … suit *against an insured we defend* ….'" *Id.* at 22 (emphasis added).

The Court finds that the duty to defend extends to Plaintiff's indemnitee because the insurance policies clearly state that Defendant has a "duty to defend the insured against a suit," and "[i]f such a suit is brought, [Defendant] will pay reasonable attorney fees and necessary litigation expenses to defend . . . the indemnitee of the insured, provided the obligation to defend, or the cost of the defense of, such indemnitee has been assumed by such insured in an insured contract." Dkt. No. 24-1 at 21. The reference to the Supplementary Payments section does not alter the clear and unambiguous coverage extended to Plaintiff's indemnitee.

Confusingly, in its reply,[1] Defendant recasts the issue to be whether the contracts between Plaintiff and Sterigenics are "insured contracts," not whether Defendant has a duty to defend Plaintiff, either abandoning or contradicting its argument that there is no duty to defend Plaintiff's indemnitee. *See* Dkt. No. 58 at 4. The insurance policies define "insured contract" as

> any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for such municipality) in which you assume the tort liability of another person or organization to pay damages, to

---

[1] In the Northern District, reply papers on non-dispositive motions are not permitted without the Court's prior permission. N.D.N.Y. L.R. 7.1(a)(2). A Motion for Reconsideration is non-dispositive because "the relief requested is simply reconsideration of a decision, not the litigation of a new dispositive motion." *District. Bruno v. City of Schenectady*, No. 12-CV-285, 2014 WL 2707962, *3 (N.D.N.Y. June 16, 2014); *see also Myers v. New York*, No. 114-CV-1492, 2017 WL 6408721, *3 (N.D.N.Y. Sept. 28, 2017). Despite Defendant's failure to request leave, the Court chooses to accept and consider Defendant's reply brief.

>   which this insurance applies, sustained by a third person or
>   organization.

Dkt. No. 24-1 at 43.  Pursuant to their agreement, Plaintiff was not required to indemnify Sterigenics for Sterigenics' own negligence.  Even though Sterigenics was sued for negligence, in its March 10, 2022 Memorandum-Decision and Order, the Court held as follows:

> Plaintiff's indemnification of Sterigenics was pursuant to an insured contract because Sterigenics was sued for intentional torts as well negligence in the Alexander Action, such as civil battery and intentional infliction of emotional distress.  "The duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased." *Assunta, Inc.*, 2010 WL 93459, at *2 (emphasis added).  It is immaterial that the Alexander Action alleges causes of actions outside the scope of the indemnification agreement while also alleging causes of actions squarely within it.  *See id.* …
> Because intentional torts against Sterigenics are alleged in the Alexander Action, it remains possible that Plaintiff will be required to indemnify Sterigenics, and as such Plaintiff properly tendered a defense of Sterigenics pursuant to an insured contract.

Dkt. No. 51 at 10.  Defendant, however, again asserts that because Plaintiff is not required to defend Sterigenics for Sterigenics' own negligence pursuant to their indemnification agreement, and Sterigenics was sued for negligence in the Alexander Action, Plaintiff did not tender Sterigenics' defense pursuant to an insured contract.  *See* Dkt. No. 58 at 6.  This exact argument was previously rejected, and Defendant offers no support for its position.  Sterigenics was sued for negligence and intentional torts in the Alexander Action.  Accordingly, the Court again finds that Plaintiff tendered Sterigenics' defense in the Alexander Action pursuant to an insured contract.

     Next, Defendant argues, for the first time, that Defendant is only required to pay damages that were assumed in an insured contract for bodily injury caused by an "occurrence."  Dkt. No. 56-7 at 11.  Indeed, an "insured contract" only covers tort liability assumed in an insured contract

6

"to which this insurance applies." Dkt. No. 24-1 at 43.  Relevant here, the insurance policy covers "damages that the insured becomes legally obligated to pay by reason of liability … assumed in an insured contract … for bodily injury … caused by an occurrence." *Id.* at 20.  "Occurrence" is subsequently defined as "an accident including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 46.

Defendant argues that "[t]he Court's decision instead turned on the fact that Sterigenics was sued for intentional torts too.  But, intentional acts are not 'occurrences' as required for coverage under the Policies." Dkt. No. 56-7 at 11 (citations omitted).  The Court disagrees.  First, intentional acts can qualify as "occurrences." *See, e.g., Allegany Co-op Ins. Co. v. Kohorst*, 254 A.D.2d 744, 744 (4th Dep't 1998) ("Accidental results can flow from intentional acts.  The damage in question may be unintended even though the original act or acts leading to the damage were intentional"); *Zurich Am. Ins. Co. v. Don Buchwald & Assoc., Inc.*, 2018 WL 6718869, *6 (N.Y. Sup. Ct. Dec. 21, 2018) (collecting cases in which "an otherwise 'intentional' tort may still be 'accidental'").  Here, the allegations of intentional torts resulting from the sterilization of the medical equipment were unforeseen accidental injuries and therefore "occurrences."

Second, the Court's finding that Plaintiff was required to tender Sterigenics' defense because it was sued for intentional torts is irrelevant to whether the underlying harm alleged in the Alexander Action was a bodily injury caused by an "occurrence."  The underlying harm alleged in the Alexander Action—exposure to harmful chemicals—unquestionably falls into the definition of "occurrence."  The fact that Plaintiff did not indemnify Sterigenics for Sterigenics' negligence is irrelevant to that analysis.  Accordingly, Defendant's motion for reconsideration is denied.

### IV. CONCLUSION

7

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for Reconsideration (Dkt. No. 56) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum–Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 1, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge